IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANNY LEE PERKINS** | ) | |
| | ) | |
| v. | ) | 3-06-CV-885-K |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Abilene, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated sexual assault of a child under the age of fourteen years as charged in the indictment in Cause No. F-1027461-IU, Perkins was tried by a jury which found him guilty. The trial court sentenced him to a term of life imprisonment.

Petitioner effected a direct appeal and on October 1, 2003, the Fifth Court of Appeals at Dallas affirmed his conviction. On March 3, 2004, the Texas Court of Criminal Appeals refused his

petition for discretionary review. On May 19, 2005, he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure. On August 31, 2005, the Court of Criminal Appeals filed its order remanding the application to the trial court for further findings. After the trial court filed additional findings the Court of Criminal Appeals denied his application based upon the findings of the trial court on April 26, 2006.[1] Perkins then filed the present § 2254 petition.

**Findings and Conclusions**: In his answer to the petition Respondent contends that certain of Petitioner's claims are unexhausted and therefore procedurally barred, that the petition is barred by limitations, and in the alternative that Perkins is not entitled to relief.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") adopted a one-year period of limitation from the date on which a judgment became final within which a state prisoner could seek federal habeas corpus relief. See 28 U.S.C. § 2244(d)(1)(A). Subparts (d)(1)(B)-(D) incorporate exceptions to finality of judgment - none of which are applicable in the present case. Finally, subpart (d)(2) tolls the running of the one-year period during the pendency of collateral review in the state court system. Because the limitation period constitutes a bar to federal habeas relief the magistrate judge addresses this issue first.

Perkins's conviction became final on June 8, 2004, 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review in his direct appeal and after the time for filing a petition for certiorari in the United States Supreme Court had expired. See S.Ct. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). He delayed filing his art. 11.07

---

[1]The cover sheet denying the application erroneously identifies the date as April 26, 2005.

application for more than eleven months; specifically 345 days after his conviction became final. With the filing of his state habeas application on May 19, 2005, the one-year limitation was tolled until April 26, 2006, See § 2244(d)(2), leaving 19 days remaining on the one-year period.

On May 15, 2006, the District Clerk file stamped and docketed pleadings submitted in the present action.[2] On May 19, 2006, the court filed a deficiency notice, a copy of which was mailed to Perkins, which in pertinent part noted that the petition was unsigned,. On June 16, 2006, he mailed his petition to the court with a signed declaration. As of June 16, 2006, more than 365 days from the date on which his conviction became final - excluding the tolled period - had expired, which constitutes the basis for Respondent's motion to dismiss on limitation grounds.

The court first considers whether Petitioner's June 16th filing relates back to the date his defective petition was filed by the clerk. As a starting point I note that Rule 5(e), Federal Rules of Civil Procedure, in pertinent part states: "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form ..."

28 U.S.C. § 2242 requires that "[An] application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended." Likewise Rule 2(c) of the Rules Governing Section 2254 Cases in pertinent part reiterates the requirement that the petition be signed under penalty of perjury by the petitioner. Finally, the standardized § 2254 form available to inmates at all TDCJ units and which Perkins used for his initial submission begins with the first paragraph of the instructions setting out the requirement that "The petition must be legibly

---

[2]An inmate's pleadings are ordinarily deemed "filed" on the date he places them in the prison mail system. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). However, in the instant case the May 15, 2006, submission neither has a signature nor a date. However, the date on which it was file stamped was prior to the expiration of the one-year period.

3

handwritten or typewritten, and signed by the petitioner, under penalty of perjury."[3]

Although not directly on point, the Supreme Court decision in <u>Artuz v. Bennett</u>, 531 U.S. 4, 121 S.Ct. 361 (2000), is instructive with respect to the legal effect to be given to Perkins's pleading received on May 15, 2006. In describing that which constituted a "properly filed application", as that phrase appears in § 2242(d)(2), the Court stated that: "[A]n application is '<u>properly</u> filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Emphasis in original. <u>Id.</u> at 8, 121 S.Ct. 364. Since the district clerk was obligated to file the submission received on May 15th, I do not believe that it follows that this act constituted the filing of a § 2254 petition in light of Perkins's non-compliance with the rules governing the filing of the same. Therefore, I am of the opinion that June 16, 2006, is the earliest date on which it may be said that Perkins filed his § 2254 petition and that consideration of his claims is time-barred unless equitable tolling is warranted.

The facts in this case do not justify application of equitable tolling. This doctrine is applied in cases presenting "rare and exceptional circumstances," <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998), and when the petitioner has diligently pursued his rights. Although all of the acts or omissions in support of the claims raised in his § 2254 petition occurred prior to the conclusion of his criminal trial, Perkins delayed filing his art. 11.07 for more than nine months after he was

---

[3]The requirement that a pleading collaterally attacking a conviction be verified or sworn to is not unique to federal habeas proceedings. An application filed pursuant to art. 11.07 must be sworn to and such failure warrants dismissal of such a defective pleading without prejudice. <u>See</u> <u>Ex Parte Young</u>, 418 S.W.2d 824 (Tex.Crim.App. 1967). Because a dismissal does not constitute a merits determination, <u>See e.g.</u> <u>Ex Parte Torres</u>, 943 S.W.2d 469 (Tex.Crim.App. 1997), a claim raised in a dismissed art. 11.07 application does not satisfy the exhaustion requirement set out in § 2254. <u>See e.g.</u> <u>McGee v. Estelle</u>, 704 F.2d 764, 768-69 (5th Cir. 1983).

eligible for seeking relief in state court.[4] Perkins has not presented any explanation for this extended delay, which in itself reflects an absence of diligence. Although the one-year limitation period expired shortly after his state application was denied, the shortness of time remaining was as a result of his unexplained delay in seeking relief in the Texas state court system. "Equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). See also Basalo v. Cockrell, 2003 WL 21653864, *4-5 (N.D. Tex., July 21, 2003) (3-02-CV-596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., August 1, 2003). Accordingly, the magistrate judge recommends that the District Court find that the petition is barred by limitations and grant Respondent's motion to dismiss.

In the alternative in the event that the District Court does not accept the preceding recommendation, the magistrate judge next addresses Respondent's argument that certain of Petitioner's claims are unexhausted and procedurally barred. A comparison of the claims alleged in Perkins's art. 11.07 application filed on May 19, 2005, No. WR-62,522-01 at 002-040, to those alleged in his § 2254 petition reflects that the claims raised in his state application are identical to the three grounds for relief set out at page 7 of his § 2254 petition filed by the clerk on June 19, 2006. However, attached to his petition is a document entitled "Motion for Retrial" in which he essentially attacks the veracity of his former trial attorney's affidavit filed in the course of his art.

---

[4]The Fifth Court of Appeals mandate was issued on August 4, 2004.

11.07 application. See No. WR-62,522-01 at 007.[5]

The magistrate judge does not consider the "Motion for Retrial" attached to his properly filed § 2254 motion to be asserted as grounds for relief as none of the statements contained therein are included in the three stated grounds. However, if it be determined that they constitute grounds for federal habeas corpus relief, it is clear that they are unexhausted.[6]

Assuming arguendo that Perkins's petition includes the unexhausted claims set out in the attachment, the court may deny relief because the same are procedurally barred. See § 2254(b)(2). Art. 11.07 § 4 precludes consideration of a subsequently filed state habeas application asserting issues which existed at the time the prisoner's first writ was filed, which in essence codifies the Texas Court of Criminal Appeals' prior decision in Ex Parte Barber, 879 S.W.2d 889, 892 n. 1 (Tex.Crim.App. 1994), cert. denied 513 U.S. 1085 (1995). A federal court may apply a procedural bar to a claim when it is clear that the state court system would find it to be barred. Coleman v. Thompson, 501 U.S. 722, 735 (1991). Insofar as Perkins "Motion for Retrial" alleges specific acts or omissions on the part of his trial attorney which were not presented to the Texas courts, it is clear that they occurred and were known to Petitioner prior to the conclusion of his criminal trial.[7] The Fifth Circuit has consistently applied this procedural bar in cases which post-date the decision in Ex

---

[5]The record contains two portions of Petitioner's state writ application. His application is found in that portion of the application with the cover page remanding the application to the trial court on August 31, 2005. His former counsel's affidavit is in that portion with the cover page reflecting the Court of Criminal Appeals' denial of his application.

[6]The record of prior proceedings filed by Respondent in response to this court's show cause order contains a substantially identical document to that attached to the § 2254 petition that was addressed to the Court of Criminal Appeals with a "received" stamp dated May 17, 2006, more than two weeks after the court denied relief.

[7]To the extent that his "Motion for Retrial" relates to the disposition of his art. 11.07 claims by the state trial court, they do not constitute a basis for federal habeas corpus relief.

6

Parte Barber. See e.g. Fearance v. Scott, 56 F.3d 633, 642, 56 F.3d 633, 642 (5th Cir. 1995); Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997); and Emery v. Johnson, 139 F.3d 191, 196 (5th Cir. 1997). Therefore, in the event that Petitioner's "Motion for Retrial," be construed as a part of his § 2254 petition filed on June 16, 2006, the same should be denied as being procedurally barred.

With respect to the grounds set out in Petitioner's § 2254 form Respondent concedes - subject to his claim that the same are barred by limitations - that Perkins has exhausted state remedies. Federal habeas relief is available only if denial of his art. 11.07 by the Court of Criminal Appeals (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or (2) resulted in a decision based on an unreasonable determination of the facts. § 2254 (d)(1) and (2).

In his first ground Perkins alleges that he was denied effective assistance of counsel by reason of his trial attorney's failure to object to the admission of evidence of an extraneous offense - i.e. attempted bribery and the attorney's failure to request a limiting instruction with respect to the jury's consideration of the same. In the prosecution's case-in-chief James Corley testified that Petitioner sought his assistance in conveying an offer to pay the complaint's mother and Jonathan Pruitt, whom the complainant considered to be her father, sums of money if they would drop the aggravated sexual assault charge. See Statement of Facts, Vol. 3 at 175, et seq. On cross-examination Corley admitted that he may have told the defense investigator that Perkins only related to him wishful thinking. Id. at 182. Rex Reynolds, the investigator, was called by defense counsel. S.O.F. Vol. 4 at 5 et seq. Respondent testified that Corley never stated that Defendant offered to pay to have the charge dismissed, but that Defendant related only what he wished would happen and that Corley stated he was never instructed to convey an offer. Id. at 6-7.

The record conclusively demonstrates that the trial court gave the jury an instruction regarding the limited purpose for which they could consider evidence of an extraneous offense. See Record on Appeal Vol. 1, Court's Charge, 48-54, at 51. Petitioner has failed to identify any Texas case authority which under the circumstances presented in the record, including the limiting instruction given, establishes that the testimony of James Corley was inadmissible. Moreover, Petitioner cannot demonstrate that his trial attorney's conduct "fell below an objection standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064 (1984), but more importantly that the Court of Criminal Appeals' denial of this claim was a decision which constituted an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. § 2254(d)(1), supra.

Not only the trial record, but also counsel's affidavit submitted in Petitioner's art. 11.07 application (See Court's Exhibit 1, affidavit of Scott Becker executed on November 8, 2005),[8] establishes that as a matter of trial strategy counsel chose to cross-examine Corley and to present testimony from Reynolds impeaching Corley's direct examination testimony with his prior inconsistent statement. In light of the "strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance," an attorney's strategic choices are all but unassailable, Strickland v. Washington, supra at 690, 104 S.Ct. 2066, and ineffective assistance will not be found merely because a court might otherwise disagree with the strategy pursued. Bell v. Cone, 535 U.S. 685, 698, 122 S.Ct. 1843 (2002).

Perkins next complain of the trial court's refusal to suppress his pretrial statement, claiming

---

[8] See State Court's Findings, 002-005 at IV, ¶ 2, accepting counsel's affidavit as worthy of belief. See also § 2254(e)(1).

that it was induced by a "promise" of leniency. The trial court conducted a sub rosa hearing, at the conclusion of which the court filed its findings. Record on Appeal Vol. 1 at 46-47; see also S.O.F., Vole. 3 at 5-28; 31. The court's admission of Defendant's statement was urged as a point of error in his direct appeal. See Appellant's Brief at 8-9. The Fifth Court of Appeals overruled this point. See Appeal No. 05-02-01004-CR, opinion filed on October 1, 2003, at 2-3.

Under Texas state law, the court is the exclusive judge of the credibility of witnesses' testimony in a suppression hearing, See e.g. Genry v. State, 770 S.W.2d 780-790 (Tex.Crim.App. 1988), and the trial judge was well within her authority in rejecting Petitioner's testimony which contradicted that of Detective Younger. Although there are circumstances under which the actions of law enforcement officers may be so oppressive and coercive as to overbear an accused person's will and render any statement made involuntary, see e.g. Lyncicum v. State of Illinois, 372 U.S. 528, 83 S.Ct. 917 (1963), Younger's statement to Perkins that the giving of a statement "would show his cooperation and it might look better for him," falls far short under the totality of the circumstances to establish that his statement was not knowingly and understandingly given.

In his final ground Perkins alleges that the trial court erred in permitting Sheila Pruitt to testify to statements of the victim concerning the assault. The issue is predicated on the application of state law, i.e. art. 38.072, Texas Code of Criminal Procedure. More errors by a state court in applying the state's evidentiary rules fail to state a cognizable basis for federal habeas corpus relief absence a showing that the error, if any, were so extreme that they constitute a denial of fundamental fairness. See Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998) - citing Evans v. Thigpen, 809 F2d 239, 242 (5th Cir. 1987).

The record in Petitioner's case reflects that the victim herself testified. In addition to efforts

9

to impeach her testimony on cross-examination it was shown that she had previously recanted her claim that Perkins had sexually assaulted her when her mother threatened to kill Petitioner. However, she further related that she had previously told Ms. Pruitt about that which had occurred. It is an established proposition that evidence that a witnesses previously related facts, consistent with the witness's trial testimony, may be admitted to rehabilitate the testimony which has otherwise been impeached. Therefore, it cannot be held that the admission of Sheila Pruitt's testimony deprived Petitioner of a fundamentally fair trial.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the Respondent's motion be granted and that the petition be dismissed as barred by limitations.

In the alternative, for the additional reasons stated in the recommendation relief on the grounds presented should be denied.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 18th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

11