IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY LEE PERKINS | ) | |
| | ) | |
| V. | ) | 3-06-CV-885-K |
| | ) | |
| NATHANIEL QUARTERMAN, | ) | |
| Director, Texas Department of | ) | |
| Criminal Justice Correctional | ) | |
| Institutions Division | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge William F. Sanderson, Jr., made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court accepts the alternative Findings, Conclusions and Recommendation of the United States Magistrate Judge. Specifically, the Court hereby adopts the Findings, Conclusions and Recommendation of the United States Magistrate Judge as to petitioner's claims 1, 2, and 3, and those claims are hereby **denied** on the merits. Further, petitioner has failed to exhaust his state remedies as to the remaining unexhausted claims, and therefore those remaining claims are denied as procedurally barred. The Court does not reach the portions of the findings of the United States

Magistrate Judge that Petitioner's claims are barred by time limitations pursuant to 28 U.S.C. § 2244(d)(1)(A).

The record evidences that certain of Petitioner's claims were not included in his state writ application or petition for discretionary review. Petitioner has failed to exhaust his state remedies which requires he present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794-95 (5th Cir. 1993); *see Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985) (in Texas, prisoner must present claims to Texas Court of Criminal Appeals). By presenting original claims to this Court, Petitioner has circumvented the state courts, preventing those courts from hearing and considering the claims raised by Petitioner before this Court does. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Consequently, Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Furthermore, Petitioner's remaining claims are also procedurally barred. Even if a petitioner has not fully exhausted state remedies, this Court may find there has been a procedural default for purposes of federal habeas relief if the state court would now find the claim procedurally barred. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Were this Court to require Petitioner to present his claims to the Texas Court of Criminal Appeals in another art. 11.07 habeas application, the application would be subject to dismissal under the Texas abuse-of-the-writ doctrine. The Texas abuse-of-the-writ doctrine "represents an adequate state procedural bar for purposes of federal habeas

review." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998). This has been well established law in the Fifth Circuit since 1995. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153, 115 S.Ct. 2603 (1995). In the case at bar, Petitioner has failed to establish cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or that failure to consider this ground for relief will result in a fundamental miscarriage of justice.

Because, petitioner has not presented the remaining **unexhausted claims** for relief in this petition, to the Texas Court of Criminal Appeals, those claims are subject to dismissal at this stage of the proceeding, under the Texas abuse-of-the-writ doctrine. Therefore, the remaining **unexhausted claims** for relief are **denied** as procedurally barred.

In conclusion, the Court hereby adopts the Findings, Conclusions and Recommendation of the United States Magistrate Judge as to petitioner's claims 1, 2, and 3, and those claims are hereby **denied** on the merits. The remaining **unexhausted claims** for relief are **denied** as procedurally barred. This petition is hereby **DENIED** and **DISMISSED**.

SO ORDERED.

Signed this 13th day of February, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE